IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2023 JUL -5 PM 12:42

GEORGE L WEAVER J.R
Pro-se Defendant
V
UNITED STATES OF AMERICA

CASE# 4:21 CR3139

MOTION TO WITHDRAW PLEA AGREEMENT

RECEIVED
JUL 5 2023
CLERK
U.S. DISTRICT COURT
LINCOLN

Comes Now on June 27th, 2023 GEORGE L WEAVER J.R moves this Honorable court to grand this motion on the following;

(1) Defendant prior counsel entered into a standard discovery order which violated defendants Knowingly and consent of defendants Rule 16 and 16.1 to review discovery.

(2) Counsel failed to address defendant Mental Health issuse before pre trial and Plea taking litigations

(3) Prior Counsel unproffesional behavior & action in legal repersentation & that prior counsel falls far below the standard of reasonable repersantion

due to Exhibit (A1) which has been submitted to the courts. On May 22, 2023 mailed by Olowolafe Law Firm, LLC signed by oluseyi O. Olowolafe which defendant is already under alot of stress & law regarding a Attorney counting duty to his clients is clear. Citing UNITED STATES v. Rodriguez-Baquera, 660 F. Supp 259, 260 (Citing UNITED States v. Gipson 517 F Supp 230, 231 (W.D. Mich 1981) The Courts has held that the attorney could not withdraw from a case with out leave of the courts and had an overriding and continous duty to repersent the defendant in a punctilrous and zealous manner. Which defendant prior attorney wrote a letter telling defendant there was a outstanding balance of 20,000 please see exhibit (A1) filed on 6-23-2023. & unable to countie legal repersention

(4) Defendant wishes to review the discovery and case to ensure pretrial & trial evidence properly review that the defendant plea agreement was suitable.

(5) Defendant also wishes to have extanded time to properly review discovery to assist with defending case Bounds v. Smith 430 US 817, 52 L Ed 2d 72 97 SCT 1491 (April 27 1977)

(6) The concern with the court order pg 1 of 11 of Doc 137 regarding the reappointed of counsel after making record of prior counsel ineffective issuse of Mental Health Discovery and plea taking may be viewed a Prejudical & bias by the courts to have defendant repersented by someone who falls below the standard of reasonable repersantion. citing Strickland v. Washington 466 US 668, 80L Ed 674, 104 SCT 2052 (May 14, 1984). To cure this the courts must not white wash defendant protected rights, & for the above reason defendant wishes to withdraw plea as defendant showed the courts the prompt filing of a motion to withdraw a guilt plea may also support an assertion that the plea was entered in "haste and confusion" Binion, 658 A:2d at 191.

(7) Thus, extra care must be taken when a defendant whose competence has been in question seek to plead guilty. Likewise, a motion to withdraw a guilty plea submitted on behalf of such a defendant warrant careful review. "If issuse of competency have been raised on the record, the trial court must conduct 'a specialized hearing to determine the competence of a defendant who seeks to plead guilty." Pierce V UNITED STATES, 705 A.2d 1086, 1089 (D.C. 1997) (citations omitted) See also Hunter V. UNITED STATES, 548 A.2d 906 (D.C. 1988) (reversing where trial

denied, without a "Specialized inquiry," appellants motion to withdraw guilty plea, relying on the courts "personal observations" of appellant.)

Since a knowing and voluntary waiver of a constitutional right require competence as a threshold matter, a defendant whose competence is disputed should not be permitted to proceed prose "Where a defendants competence to stand trial is reasonably in question, a court may not allow that defendant to waive his right to counsel and proceed pro se until the issuse of competency has been resolved." UNITED STATES V. Klat, 156 F.3d at 1258 (D.C. Cir. 1998).

(8) Further more (Doc. 137) Concern about Mental Health evaluation, (citing UNITED STATES V. Williams 988 F.2d 258, 265 (5th Cir 1988) cert denied 510 U.S. 1099 (1994) Court may grant mental examination, If there is "reasonable cause to believe that defendant may be presently suffering from Mental Disease or Defect rending his mentally incompetent to extent that he is unable to understand Nature & Consequence of proceeding agaist him or to assist properly in his defense: Bare allegations of defendant history of Mental problems, treatment & medication even if current will not suffice if defendant capable of assisting

in his own defense. Then the courts can not say "the under good faith that defendant is & was not suffering from Mental Health issuse at the time of plea taking".

(9) Defendant has burden of proof to show that there is and are grounds for withdrawing plea: citing UNITED STATES V. Marrero-Rivera, 124 F.3d 342 (1st cir 1997) Defendant may not with draw plea unless he show fair and just reason) (Citing UNITED STATES V. Hyde, 520 U.S 670, 117 S.Ct 1630 137 L Ed.2d 935 (1997). For the above reason the defendant has met this burden.

(10) Defendants Attorney had a conflict of interest at his plea withdrawal hearing, and Substitute counsel should have represented him there, because the record contained specific in court statements by the attorney against defendant motion and in favor of the attorneys representation in the case. Defendant pro se motion to withdraw plea rested on allegations that his lawyer in appropriately coerced him in to taking it. Once defendant raised clear and concrete claims alleging with Specificity that his attorney was acting against his interest. and certainly after his attorney

presented argument against granting defendant motion at the plea withdrawal hearing. A conflict of interest was plain, and at the point. Conflict free counsel was required. Citing: UNITED STATES V. Glover, 8 F.4 239, 2021 U.S. APP LEXIS 23565 (4th cir, 2021).

(11) Practical Aspects of Competence Issue; competence issue usually surface on first contact with the client and require immediate decisions with important consequences the Pretrial Services Agency report may refer to recent psychiatric hospitalization, or indicate that the client refused to cooperate with the interviewer or was incoherent. The clients friends or relatives may relate a history of mental instability, and, of course, counsel may notice a problem during the cell block interview. The deputy marshals in cellblock may inform counsel that the client has been acting strangely. During the brief period between first contact with a client and arraignment or presentment, counsel must decide whether to pursue the question of competence on the record. As below discussed, raising the issue may well have serious consequences, including commitment of mental evaluation. It may also jeopardize the client's interests with respect

to the bail determination. Counsel must be familiar with the procedures followed when question about the clients Mental Condition are raised, and take into account certain basic tactical and practical considerations.

(12) Further citing: Hunter v UNITED STATES 548 A.2d 806; oct 14, 1988). The court held that defendant motion to withdraw the guilty plea erroneously denied because the trial court improperly failed to consider the psychological evaluation.

Further defendant reminder of this Honorable courts defendant pro-se; citing Haines v Kerneer 404 U.S. 519, 520 92S Ct 594 30 L Ed.2d 652 (1972)

For Reasons above Defendant prays this Honorable Court grants this motion.

Pro-se Defendant

George L Wear Jr