IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3139 |
| vs. | ORDER |
| GEORGE WESLEY WEAVER, JR., | |
| Defendant. | |

The defendant has filed a motion (filing 141), the primary point of which seems to be an attempt to withdraw his guilty plea. The defendant's motion will be denied.

A defendant may withdraw a plea after the Court accepts it, but before imposing sentence, if the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Forjan*, 66 F.4th 739, 751 (8th Cir. 2023). But when a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise. *Id*. The defendant bears the burden of showing a fair and just reason for withdrawal. *United States v. Eller*, 955 F.3d 730, 733 (8th Cir. 2020).

And, even if the defendant meets that burden, the Court must consider other factors before granting the motion, including whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion. *Id*. There is no *right* to withdraw a plea—the plea of guilty is a solemn act not to be disregarded because of belated

misgivings about its wisdom. *United States v. Flynn*, 969 F.3d 873, 877 (8th Cir. 2020).

And here, there is no indication in the record of a fair and just reason to allow the defendant to withdraw his plea.[1] The defendant's arguments are both unpersuasive and inconsistent. He leads with the allegation that his former counsel "entered into a standard discovery order," filing 141 at 1; presumably, the defendant's referring to the Court's progression order directing compliance with Fed. R. Crim. P. 16 and NECrimR 16.1. Filing 17. The defendant cites no authority for the implicit proposition that a standard discovery order required his personal consent. *See* filing 141. Nor is there any reason to believe that in this complex criminal case, *see* filing 17, the defendant was disadvantaged by reciprocal discovery—that is, that he would have been better off *without* discovery.

But most fundamentally, the defendant *himself* requested discovery pursuant to Rule 16 and NECrimR 16.1. Filing 138. And that's only the beginning of the defendant's self-contradiction. He complains about counsel engaging in discovery, but asked for it himself. He complains about his counsel purportedly threatening to withdraw because of unpaid legal fees, but then complains that his counsel actually opposed his motion to discharge counsel and proceed *pro se*. *See* filing 141 at 2, 5-6. He claims that his counsel was incompetent, filing 141 at 2-3, but testified to the contrary under oath at the

---

[1] Because the defendant hasn't established a fair and just reason to withdraw his plea, the Court need not consider other factors. *See United States v. Seys*, 27 F.4th 606, 610 (8th Cir. 2022). But for the sake of completeness, the Court notes that the defendant hasn't made much of a showing with respect to any other factors either: He doesn't claim factual innocence, he entered his plea of guilty several months ago, and the government would obviously be prejudiced by further delays in this important and complex case. *See Eller*, 955 F.3d at 733.

change of plea hearing, filing 122 at 6-7. (Not to mention being told that if his ability to pay for a lawyer was a problem, counsel would be appointed to represent him. Filing 122 at 7.)

The other primary thrust of the defendant's motion relates to his competency—he seems to have seized on his former counsel's questions about his ability to obtain a mental health evaluation, and spun that into a general question about his own competency to pled guilty. *See* filing 141. But to start with, a "mental health evaluation" doesn't necessarily concern legal competency. A substantial number of defendants sentenced by this Court have obtained mental health evaluations of one form or another, to assist the Court at sentencing with detailed information about matters such as substance abuse and mitigating medical factors. Suggesting that a defendant obtain a mental health evaluation, especially in a drug case, is fairly routine, and certainly doesn't raise any question of a defendant's competency to proceed.

Nor is there any basis, on this record, to question the defendant's competency. He certainly hasn't presented one, *see* filing 141—nor could he, if he wants to continue representing himself. The Magistrate Judge specifically considered competency both in accepting the defendant's guilty plea and in permitting him to proceed *pro se*. *See* filing 119 at 1; filing 137 at 1. And she did so based on his own representations regarding his ability to proceed, which were unequivocal. *See* filing 117 at 1; filing 122 at 5-6. Nor has the defendant even withdrawn those representations—it's noteworthy that nowhere in his motion does the defendant actually suggest that he's incompetent, or that his guilty plea wasn't knowing, intelligent, or voluntary. *See* filing 141. Rather, he's just complaining about the lack of a *hearing* on competency—but on this record, the proceedings that were held were more than sufficient.

The defendant also says, in passing, that he wants to "review the discovery and case" to make sure his plea agreement was "suitable," and to "assist with defending case." Filing 141 at 2. It's not clear how that relates to withdrawal of a plea. But the Court notes that arrangements have been made to permit the defendant to review discovery, *see* filing 140, and that there's plenty of time before the defendant's October 26, 2023 sentencing, *see* filing 127, for the defendant to review any relevant evidence.

IT IS ORDERED that the defendant's motion to withdraw his plea (filing 141) is denied.

Dated this 6th day of July, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge