IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>GEORGE LESLEY WEAVER, JR.,<br><br>　　　　　　　　Defendant. | 4:21CR3139<br><br>**ORDER** |

　　Defendant Weaver has moved for my recusal in this case because my rulings are incorrect and, in his opinion, I am not fully considering his arguments. (Filing No. 166).

　　"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." United States v. May, 70 F.4th 1064, 1073 (8th Cir. 2023). Every judicial officer must satisfy herself that she is actually unbiased toward the parties in each case and that her impartiality is not reasonably subject to question.

> The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. "In deciding whether to recuse [her]self, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case.

In re Kansas Public Employees Retirement System, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting In re Drexel, 861 F.2d 1307, 1312 (2d Cir. 1988). See also, United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985) (decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.) "[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004); O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir.1999); Lunde v. Helms, 29 F.3d 367, 370

(8th Cir. 1994). A judge must recuse herself if her "impartiality might reasonably be questioned," but she has an equal obligation not to recuse herself when there is no reason to do so. Southwestern Bell Telephone Co. v. F.C.C., 153 F.3d 520, 523 (8th Cir. 1998). Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for recusal unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Liteky v. United States, 510 U.S. 540, 555 (1994).

I have handled Weaver's issues and complaints in accordance with the law. There is no basis for concluding my "impartiality might reasonably be questioned." Southwestern Bell, 153 F.3d at 523. Rather, I am obligated not to recuse myself because there is no valid reason for doing so. Id.

Accordingly,

IT IS ORDERED that the Defendant Weaver's motion to recuse, (Filing No. 166), is denied.

August 8, 2023                              BY THE COURT:

                                            *s/ Cheryl R. Zwart*
                                            United States Magistrate Judge