IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE LESLEY WEAVER, JR.,<br><br>Defendant. | 4:21-CR-3139<br><br>ORDER |

The defendant has filed several motions appurtenant to his pending motions to vacate pursuant to 28 U.S.C. § 2255 (filing 214; filing 217), asking the Court to expedite its consideration of his motions, to order discovery, and to compel the government to respond. Filing 221; filing 223; filing 225. The Court will grant those motions in part and deny them in part.

First, the defendant asks the Court to order extremely broad disclosure of essentially everything in the government's possession, and several categories of evidence likely not in the government's possession, such as state agency records. Filing 221 at 2-3. The Court may, "for good cause," authorize a party to conduct discovery in support of a § 2255 motion, but the party "requesting discovery must provide reasons for the request." Rules Governing § 2255 Proc. for the U.S. Dist. Cts. Rule 6. A party seeking postconviction relief, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Hence, discovery is the exception rather than the rule. *United States v. Vennes*, 103 F. Supp. 3d 979, 999 (D. Minn. 2015).

The Court cannot find good cause at this point. Most of the defendant's discovery requests seem to be focused on finding evidence to contradict his

sworn admissions at his change of plea hearing. *See* filing 122 at 18-29; *see also* filing 118 at 2-3. The Court will deny the defendant's request for preliminary discovery without prejudice to reassertion should the defendant's motion proceed to an evidentiary hearing.

Nor will the Court "expedite" its initial review of the defendant's motions. The defendant's circumstances are not unique and do not entitle him to special treatment.

The Court will, however, grant the defendant's motions to a limited extent: Upon a careful review of the defendant's § 2255 motions, the Court finds that briefing from the government would assist the Court in completing its initial review. The Court will, accordingly, direct the government to respond to the defendant's § 2255 motions on or before February 6, 2026, subject to extension should the government require one.

The defendant has also filed a motion to have seized property returned to him. Filing 215. But obviously, the defendant is also collaterally attacking the judgment against him pursuant to § 2255. So, the government is justified in retaining the property at least during the pendency of postconviction proceedings. *See United States v. Mendez*, 860 F.3d 1147, 1150 (8th Cir. 2017). The defendant's motion to return property will be denied without prejudice to reassertion when the defendant's collateral attack is finally resolved.

IT IS ORDERED:

1. The defendant's "Emergency Motion to Compel Government Response and Request for Discovery" (filing 221); "Motion to Expedite and Request for Order Requiring Government Response" (filing 223); and "Motion to Expedite Rule 4

Screening and to Order Government Response" (filing 225) are granted in part.

2. The government shall respond to the defendant's § 2255 motion (filing 214) and amended § 2255 motion (filing 217) on or before February 6, 2026.

3. The government's objection to return of property (filing 216) is sustained.

4. The defendant's motion for return of property (filing 215) is denied without prejudice.

Dated this 7th day of January, 2026.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge