IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3139 |
| vs. | MEMORANDUM AND ORDER |
| GEORGE LESLEY WEAVER, JR., | |
| Defendant. | |

This matter is before the Court upon initial review of the *pro se* motion to vacate under 28 U.S.C. § 2255 (filing 71) filed by the defendant, George Lesley Weaver. The motion was timely filed less than 1 year after the defendant's conviction became final.[1] *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to

---

[1] The government contends that the defendant's motion was filed 15 days past the one-year time limit. Filing 232 at 5. Judgment was entered on June 6, 2024. Filing 206. It became final when the availability of direct review concluded, fourteen days later. *See Lee v. United States*, 149 F.4th 981, 984 (8th Cir. 2025). So, one year after his judgment became final was June 20, 2025—the date the defendant filed his motion.

That said, the defendant's amended motion was untimely, as it was filed on August 29, 2025. *See* filing 217. But the Court is satisfied that the claims raised in the untimely amended motion relate back to his timely motion and are not time-barred. *See Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010).

relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

The Court ordered the government to respond to the defendant's motion. Upon review of the defendant's motion, the government's response, and the other related filings, the Court will hold an evidentiary hearing on the limited, narrow issue described below.

## I. BACKGROUND

The defendant was charged in October 2021 with one count of conspiracy to distribute, or possess with the intent to distribute, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a detectable amount of a mixture or substance containing a detectable amount of fentanyl, and a detectable amount of marijuana. Filing 1 at 1. Later, in a superseding indictment, the defendant and his co-conspirator were charged with three drug-related counts: one count of conspiracy to distribute or possess with the intent to

2

distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, and 50 kilograms or more of marijuana, resulting in serious bodily injury, and two counts of distribution of cocaine and fentanyl resulting in serious bodily injury. Filing 71 at 1-2.

Pursuant to a plea agreement (filing 118), the defendant pled guilty to the conspiracy charge, Count I, and the government agreed to dismiss the distribution resulting in serious bodily injury charges, Counts II and III. At the change of plea hearing, the government described the factual basis for the offense: The government's evidence indicated that the defendant's co-conspirator stole drugs from the Nebraska State Patrol evidence room, and she and the defendant sold those drugs in Lincoln. Filing 122 at 18. An audit by the Lincoln/Lancaster County Narcotics Task Force indicated several pounds of marijuana, cocaine, fentanyl, heroin, methamphetamine, and THC were missing. *Id.*

Three confidential informants, pursuant to cooperation plea agreements, identified the defendant as having sold them fentanyl, cocaine, and pills. *See* filing 122 at 20, 21, 26. One of those informants sold those drugs to a couple in Nebraska City, who both overdosed on cocaine laced with fentanyl. Filing 122 at 19-20. Another of those informants similarly sold the drugs and the buyer overdosed. Filing 122 at 21. Another confidential informant with a non-prosecution agreement said she purchased ecstasy pills from the defendant and his co-conspirator. Filing 122 at 23. And another informant with whom the defendant was housed at Leavenworth said that the defendant talked about stealing drugs from the State Patrol evidence room, including cocaine, fentanyl, marijuana, methamphetamine, and pills. Filing 122 at 26.

After his guilty plea was accepted, the Court granted the defendant's motion to proceed *pro se*, with the defendant's previous attorney acting as stand-by counsel. Filing 134. The defendant moved to withdraw his plea, which the Court denied. Filing 142 at 1. The defendant later moved for new appointed counsel; the Court granted that motion. Filing 167. The defendant was represented through sentencing.

According to the Presentence Investigation Report, the defendant's base offense level under the United States Sentencing Guidelines was 38, with a two-level increase because the defendant maintained a premises for the purpose of distributing a controlled substance, a three-level increase because the defendant was a leader of the conspiracy, and a three-level decrease for acceptance of responsibility, for a total offense level of 40. Filing 202 at 11-12. The defendant's Criminal History Category was IV, indicating a guideline imprisonment range of 360 months to life. Filing 202 at 29.

In the plea agreement, the defendant agreed that his Sentencing Guidelines offense level should be increased because serious bodily injury resulted from the defendant's distribution of substances. Filing 118 at 4. He further agreed that the offense level should be increased because he was "an organizer, leader, manager[,] or supervisor in the offense of conviction." *Id.*

Applying the § 3553(a) factors, the Court varied downward, in particular to avoid unwarranted sentencing disparities between the defendant, his charged co-conspirator, and the various other defendants in related cases. *See* filing 213 at 20; filing 205 at 3. The Court sentenced the defendant to 300 months' incarceration and an eight year term of supervised release. Filing 206.

Under the plea agreement, the defendant waived "all rights to appeal" his conviction and sentence, except for a claim of ineffective assistance of counsel and for compassionate release under § 3582(c)(1)(A). Filing 118 at 6. He also waived

4

his right to contest his conviction under § 2255 except, as relevant to the present motion, to raise a claim for ineffective assistance of counsel. Filing 118 at 6-7.

The defendant did not appeal his sentence. He asserts that he instructed his attorney to file a notice of appeal, and his attorney did not do so. Filing 214 at 23; filing 235 at 1. The government provided an affidavit from the defendant's counsel stating that the defendant did not tell him to file an appeal in this case. Filing 231-1 at 1.

## II. DISCUSSION

The defendant raises several grounds for relief, in various motions and supplemental motions and briefs in support of those motions and supplemental motions. His motions allege the following grounds for relief:

1.  Ineffective assistance of counsel for failure to object to sentencing enhancements, filing 218 at 3; filing 214 at 18;

2.  The government breached the plea agreement by relying on overdoses at sentencing, filing 218 at 3, and ineffective assistance of counsel for advising the petitioner to enter into that plea, *see* filing 214 at 5;

3.  The defendant's conduct was not the but-for cause of the victims' overdoses, filing 218 at 3;

4.  The "leadership" and "stash house" sentencing enhancements were misapplied, filing 218 at 4;

5.   The defendant's plea was coerced by counsel, or was otherwise involuntary, *see* filing 218 at 5; filing 214 at 17;

6.   The defendant was not engaged in a conspiracy because a "buyer-seller" relationship is not a conspiracy, filing 218 at 5;

7.   The government failed to prove the drug quantity, filing 218 at 5;

8.   There was no nexus proven between his alleged co-conspirator's conduct and his own, filing 218 at 6; and

9.   Ineffective assistance of counsel because counsel failed to file a notice of appeal despite the defendant's explicit request, filing 214 at 23.

Other than his claims related to ineffective assistance of counsel, most of the defendant's grounds for relief are procedurally barred, either because the defendant did not raise them on direct appeal (because he did not appeal at all), or because his plea agreement waived such claims. *See United States v. Harrison,* 37 F.4th 495, 500 (8th Cir. 2022); *United States v. Floyd,* 931 F.3d 709, 710-11 (8th Cir. 2019); *Bousley v. United States,* 523 U.S. 614, 621 (1998) (voluntariness of guilty plea can be attacked on collateral review only if first challenged on direct review). A defendant can raise a procedurally defaulted claim in a § 2255 proceeding only if he shows either cause and actual prejudice, or if he demonstrates actual innocence. *See United States v. Morgan,* 230 F.3d 1067, 1069-70 (8th Cir. 2000) (citing *Bousley,* 523 U.S. at 622).

To show cause, the defendant asserts his counsel did not file an appeal despite being instructed to do so. According to the defendant, his counsel told him

6

filing an appeal would be futile because the defendant waived his right to appeal. Filing 214 at 23. The defendant asserts he placed "several calls" to his counsel's office, and sent several emails, asking to file an appeal. Filing 214 at 23; filing 235 at 1. The defendant's former counsel avers otherwise. Filing 231-1.

Failing to file an appeal despite an explicit instruction constitutes ineffective assistance of counsel, and no further showing of prejudice or likely success on appeal is required. *Burnett v. United States*, 125 F.4th 912, 914 (8th Cir. 2025). Where a defendant and his attorney submit conflicting sworn statements about the existence of instructions to appeal, "the court must conduct an evidentiary hearing to assess which witness is more credible." *Dressen v. United States*, 28 F.4th 924, 928 (8th Cir. 2022); *Witthar v. United States*, 793 F.3d 920, 923-24 (8th Cir. 2015). The government asserts the Court should discredit the defendant's assertions, given counsel's affidavit, relying on *Burnett*. Filing 232 at 20. But the district court in *Burnett* discredited the defendant only after receiving live, sworn testimony in open court. *See* 125 F.4th at 915. Given the conflicting evidence, an evidentiary hearing is required.

If the defendant can show that his attorney failed to file an appeal, the "appropriate remedy" is for the Court to re-sentence the defendant, "thus providing the petitioner an opportunity to take a timely direct appeal." *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000). That would necessarily moot a number of the claims raised in this motion, because the defendant could raise them in that appeal. But if the defendant cannot show his attorney failed to file a direct appeal, the majority of his claims are procedurally barred because he did not raise them on appeal, and he cannot show cause to overcome the procedural bar. For that reason, the Court will hold an evidentiary hearing. However, for the reasons explained below, the remaining claims that are not procedurally barred will be dismissed.

## 1. INEFFECTIVE ASSISTANCE OF COUNSEL

To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States,* 683 F.3d 941, 944 (8th Cir. 2012). He must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States,* 534 F.3d 832, 837 (8th Cir. 2008).

In the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58–60 (1985); *Tinajero-Ortiz v. United States,* 635 F.3d 1100, 1103 (8th Cir. 2011).

The defendant contends he received ineffective assistance of counsel because his first attorney advised him "to enter into a plea agreement that

8

contained ambiguous language with respect to the Petitioner's exposure regarding the overdose of several users," filing 214 at 5, and misrepresented the maximum sentence to which the defendant would be subject, filing 214 at 10. The defendant also claims that his second attorney failed to challenge certain sentencing enhancements. Filing 214 at 3. And he seems to claim that his attorneys misrepresented, or did not challenge, the sufficiency of the government's evidence.

### *Contradictory Plea Agreement and Misrepresented Sentence*

The defendant argues his plea agreement was contradictory and ambiguous because, even though he was pleading guilty to a criminal charge for distribution resulting in serious bodily injury, the government promised that "the defendant will not be federally prosecuted in the District of Nebraska for any drug trafficking crimes, including drug trafficking crimes related to overdoses caused by the distribution of cocaine and/or fentanyl which may have resulted in serious injuries or death." Filing 118 at 1. He also asserts that his attorney erroneously told him the maximum sentence was 20 years. Filing 214 at 11.

At the change of plea hearing, the defendant stated, under oath, that he understood the terms of his plea agreement, and he pled guilty after the magistrate judge described the full charge—conspiracy to distribute certain drugs, and "as a result of those distributions[,] serious bodily injury was sustained." Filing 122 at 30. The defendant stated that he understood what he was charged with, and he understood the penalty for that charge was "a term of imprisonment of not less than 20 years, no more than life imprisonment." Filing 122 at 4. A defendant's representations during plea-taking carry a strong presumption of verity, and pose a formidable barrier in any subsequent collateral proceedings. *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997). And the defendant has not shown anything to rebut that presumption.

9

In any event, the plea agreement is not ambiguous. As the government points out, the agreement clearly states that the defendant will not be prosecuted for overdose crimes "other than as set forth in paragraph A." Filing 118 at 1. "Paragraph A" indicates that the plaintiff agreed to plead guilty to Count I of the indictment, a conspiracy charge resulting in serious bodily injury. *See* filing 71. The plea agreement also explicitly states the penalty for the charge to which the defendant pled guilty was "a maximum of life in prison; and a mandatory minimum of 20 years." Filing 118 at 3. The defendant has failed to show that his counsel's representation fell below an objective standard of reasonableness or that he was prejudiced by any inadequacy, given that the plea agreement and the possible sentence was described to him in open court.

## *Other Evidentiary Issues*

The defendant also argues that he was not advised by counsel that the government would not be able to prove that his conduct resulted in serious bodily injury. Filing 214 at 11. The individuals who suffered an overdose did not buy the drugs directly from the defendant; rather, the defendant sold the drugs to someone else, and that someone else sold the drugs to the victims. *See* filing 214 at 13. According to the defendant, that middleman breaks the chain of causation. The defendant argues that the government did not prove that the middleman did not alter the drugs, therefore the middleman constitutes an intervening cause, and the defendant's conduct did not cause the serious bodily injury. *See* filing 214 at 14.

Liability for serious bodily injury is not limited to only the last person to distribute the drug before the harm occurs. *United States v. Lewis*, 895 F.3d 1004, 1010 (8th Cir. 2018). The defendant's unsubstantiated speculation that the person to whom he sold the drugs tampered with them is not sufficient to show prejudice or that his attorney's performance was deficient. The defendant argues

10

that because some of his buyers did not overdose from the drugs, but others further down the chain did, his drugs were not the cause of the overdoses. But the defendant admitted, at his plea hearing, that he knew he distributed fentanyl. Filing 122 at 27-28. There is no basis to infer that the defendant was prejudiced when his attorney did not challenge the causation element of the offense to which the defendant pled guilty.[2]

To the extent the defendant asserts his counsel was deficient for not challenging the elements of the conspiracy charge, and not challenging the government's calculated drug weight, his assertions are likewise contrary to his plea agreement and the sworn statements at his plea hearing. *See* filing 122 at 28 (defendant admitted that he worked with his charged co-conspirator to sell stolen drugs); filing 118 at 4 (defendant and government agreed on drug weight).

### *Sentencing Issues*

The defendant also argues his counsel's performance was deficient because his counsel did not argue that the petitioner was not a manager or leader of the conspiracy. Filing 214 at 18. But the defendant expressly agreed in his plea agreement that such a sentencing enhancement would apply. Filing 118 at 4. The government explained the sentencing enhancement at the change of plea hearing, and the defendant stated that he listened to the government and the explanation matched his understanding of his plea agreement. Filing 122 at 14-16. For the same reasons explained above, the defendant has not overcome the strong presumption of verity of those statements. *See Nguyen,* 114 F.3d at 703.

---

[2] The defendant argues that his attorney whispered, "Just because you don't know something doesn't mean you're not guilty," in the context of his plea of guilty to Counts II and III. Filing 218 at 3. But the defendant didn't plead guilty to Counts II and III; the government dismissed those charges at sentencing, and the defendant only pled guilty to Count I. Filing 122 at 30-31.

11

Rather than disputing the facts in the presentence investigation report or introducing new allegations, the defendant raises a legal argument that is flatly wrong. He asserts that he could not have been a "leader" of a conspiracy with only one other person, and the other participants identified by the government were not charged in the conspiracy so he could not be their "leader." Filing 218 at 9. Those individuals were charged in related cases; it's not a requirement that each alleged conspirator be charged together for the enhancement to apply. *Cf.* U.S.S.G. § 3B1.1, cmt. n.1 (a participant in a criminal activity "is a person who is criminally responsible for the commission of the offense, but need not have been convicted").

The defendant also argues that his counsel was deficient for not challenging a two-level enhancement for maintaining a premises for the purpose of distributing a controlled substance. *See* filing 202 at 11. This enhancement was not discussed in the plea agreement. The probation officer included the enhancement because there was "evidence the defendant had utilized an apartment to store drugs as well as collect money from the drug sales. No one resided at the apartment, and it was used for the sole purpose of distribution." Filing 202 at 10.

The defendant did not object to the two-level enhancement, nor to the facts underlying the application of the enhancement. At sentencing, the defendant's counsel told the undersigned that the defendant "takes responsibility" for arranging a "stash house." Filing 213 at 10. Now, the defendant challenges the factual basis of the enhancement and argues the apartment at issue was used as a romantic rendezvous point for him and his co-conspirator, and was not primarily used for drugs. Filing 214 at 21-22.

But even if the two-level enhancement didn't apply, based on an offense level of 38 and a criminal history category of VI, the guidelines range would have

remained the same—360 months to life. *United States v. Boedigheimer*, 295 F. Supp. 3d 912, 924 (D. Minn. 2018); *cf. Alaniz v. United States*, 351 F.3d 365, 368 (8th Cir. 2003) (error resulting in changing the Guidelines imprisonment range and authorizing a shorter sentence can be prejudicial); *United States v. Mitchell*, 825 F.3d 422, 426 (8th Cir. 2016) (erroneous application of sentencing enhancement was harmless where sentence was not imposed as a result of the incorrect Guidelines calculation). The defendant, therefore, cannot show he was prejudiced by his attorney's failure to object to this enhancement.

## 2. ACTUAL INNOCENCE

To invoke the actual innocence exception to procedurally barred claims, the defendant must show that, "in light of all the evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "When newly discovered evidence is the ground for a § 2255 motion, the district court should apply the same substantive test which governs a motion for new trial under Fed. R. Crim. P. 33 premised on the same ground." *Feather v. United States*, 18 F.4th 982, 987 (8th Cir. 2021).

The defendant alleges that he has evidence that a new Nebraska State Patrol audit indicates that fentanyl was never missing. Filing 220 at 3. According to the defendant, that evidence undermines the government's case, such that the government cannot meet its burden of showing that the defendant was guilty of conspiring to distribute fentanyl.

The defendant ignores the evidence that the government proffered at his plea hearing, which the defendant affirmed was true. Filing 122 at 27. The government identified two witnesses who could testify at trial that they purchased fentanyl from the defendant. Filing 122 at 19-20. Another witness,

13

housed with the defendant at Leavenworth, could testify that the defendant told him he stole fentanyl from the Nebraska State Patrol and that he "mixed a little fentanyl" with other drugs to distribute. Filing 122 at 26. The government also found traces of fentanyl in an apartment rented by the defendant. Filing 122 at 19.

It is not an element of the crime to which the defendant pled guilty that the fentanyl had to come from the Nebraska State Patrol evidence room. The government had the burden to prove that the defendant had an agreement with at least one other person to distribute fentanyl, and that conspiracy resulted in serious bodily injury. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Even if the defendant put on evidence that no fentanyl was missing from the evidence locker, the government has ample evidence from which a reasonable juror could nevertheless find the defendant guilty beyond a reasonable doubt.

The defendant's remaining arguments are premised on erroneous understandings of the law. He asserts that the calculated drug weight relied on drugs stolen by his co-conspirator, not him. Filing 218 at 6. But a defendant charged with conspiracy is responsible for the quantity of drugs sold in furtherance of the conspiracy, either known to the defendant or reasonably foreseeable to him. *United States v. Shaw*, 965 F.3d 921, 926 (8th Cir. 2020). The defendant makes no factual assertion that he somehow didn't know what his co-conspirator was up to, and it makes no difference that there was no proof of the "chain of custody."

The defendant also wrongly argues the government only showed that he was in a "buyer-seller" relationship with the witnesses, which cannot support a conspiracy charge. Filing 218 at 8. But that narrow view ignores the alleged arrangement with his co-conspirator, wherein she would steal drugs from the Nebraska State Patrol, and he would sell them to *several* customers in Lincoln.

14

*See* filing 202 at 6. The "buyer-seller" rule only applies where there is a single, isolated sale. *United States v. Conway*, 754 F.3d 580, 592 (8th Cir. 2014). The defendant has failed to show, by new evidence or otherwise, that he is actually innocent of the crime to which he pled guilty.

### III. CONCLUSION

For the reasons explained above, the Court will hold an evidentiary hearing on the *limited issue* of whether the defendant's counsel at sentencing ignored an explicit request from the defendant to appeal the judgment of this case. The remaining grounds for relief are summarily dismissed because the defendant's allegations, even if true, would not entitle him to relief, or because they are procedurally barred. Accordingly,

IT IS ORDERED:

1.    The defendant's unopposed motion for leave to file a declaration (filing 234) is granted.

2.    As set forth above, the defendant's first eight claims are without merit and will be dismissed. The Court will hold an evidentiary hearing on the remaining claim.

3.    The Court will authorize the appointment of counsel for the defendant by a separate order. The Clerk of the Court shall provide a copy of this order to defendant's new counsel, upon their appointment.

15

4.    Upon receipt of this order and the order of appointment, counsel for the defendant shall enter an appearance in this action. Upon entering an appearance, counsel for the defendant shall confer with the Assistant United States Attorney, and the parties shall contact the office of the Magistrate Judge to schedule an evidentiary hearing. The parties shall also confer and advise the Magistrate Judge of whether they wish to file any pre-hearing briefs or evidentiary materials.

Dated this 16th day of July, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

16